**Gerald Dean De CRUZ, Plaintiff–Appellant,**

v.

**A. PANIZZA, Correctional Officer, Defendant–Appellee.**

No. 15-16683

United States Court of Appeals, Ninth Circuit.

Submitted September 27, 2016 *

Filed October 06, 2016

ed by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Gerald Dean de Cruz, Pro Se

Before: TASHIMA, SILVERMAN, and M. SMITH, Circuit Judges.

MEMORANDUM **

California state prisoner Gerald Dean de Cruz appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging a First Amendment access-to-courts claim and a Sixth Amendment claim relating to his confidential legal mail. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A for failure to state a claim. *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014). We affirm in part, vacate in part, and remand.

The district court properly dismissed Cruz's access-to-courts claim because Cruz failed to allege facts sufficient to show that he suffered an actual injury from defendant's alleged conduct. *See Lewis v. Casey*, 518 U.S. 343, 348–349, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (to state an access-to-courts claim, a prisoner must allege "actual injury").

However, the district court failed to consider whether the amended complaint states a Sixth Amendment claim on the basis that defendant opened and "presumably" read confidential correspondence between Cruz and his criminal defense attorneys outside of Cruz's presence. *See Nordstrom*, 762 F.3d at 911 ("[A]llegations that prison officials read [an inmate's] legal mail ... and that [the inmate's] right to private consultation with counsel has

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

been chilled state a Sixth Amendment claim"). Therefore, we vacate the judgment in part and remand for further proceedings on this claim only. We express no opinion as to whether the amended complaint states a Sixth Amendment claim.

**AFFIRMED in part, VACATED in part, and REMANDED.**

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.